UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ALLEN SELLERS,

   Petitioner,          Case No. 1:13-CV-24

v.                HON. GORDON J. QUIST

KENNETH McKEE,

   Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

  Petitioner, Mark Allen Sellers, filed a petition for habeas corpus asserting claims based on ineffective assistance of trial and appellate counsel. On February 22, 2016, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation (R & R) in which she recommended that the Court deny the petition. Sellers filed objections to the R & R. After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

  Petitioner objects to the magistrate judge's recommendation that the Court reject Petitioner's ineffective assistance claim based on the failure to present an alibi defense. Trial counsel's affidavit makes clear that he thoroughly investigated and considered Petitioner's alibi defense before deciding not to pursue such a defense. The state court concluded that counsel's decision to reject the alibi defense was an "objectively reasonable strategy." Although Petitioner disagrees with that conclusion, he has provided no basis to conclude that it was contrary to, or involved an unreasonable application of, clearly established federal law. Moreover, it was not based on an unreasonable determination of the facts.

Petitioner also objects to the magistrate judge's conclusion regarding Petitioner's claim that counsel was ineffective for failing to object to the amendment of the charge against Petitioner. As the state court's decision made clear, amending the dates of the charged offense did not prejudice Petitioner because the dates of the offense were not relevant. Rather, the relevant issue was whether Petitioner had stayed home with the children while his wife was away—a fact that Petitioner had already admitted to police. Accordingly, the state court's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. Moreover, it was not based on an unreasonable determination of the facts.

Petitioner cannot establish that appellate counsel was ineffective for failing to raise claims based on ineffective assistance of trial counsel. Given this Court's conclusion that such claims are without merit, Petitioner could not have been prejudiced by counsel's failure to raise such claims on appeal.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's

claims was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 28) is **ADOPTED** as the Opinion of the Court, and Petitioner's Petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (ECF No. 29) is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

This case is concluded.

A separate judgment will issue.

Dated:  March 11, 2016              /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE